UNITED STATES FIDELITY & GUAR-
ANTY CO. v. A. C. VREELAND, INC.

(November 26, 1928. Opinion and Decree.)

J. Zach Spearing, of New Orleans, attor-
ney for plaintiff and appellee.

Gordon Boswell, of New Orleans, attor-
ney for defendant and appellant.

JONES, J.    This suit is for $105.93,
amount of premiums due by defendant to
plaintiff on three bonds and a policy of in-
surance, all as shown by the statement
annexed to plaintiff's petition.

Defendant admitted the correctness of
the items and extensions in his answer,
but averred that the statement was incom-
plete because a commission of $93.86, due
on a bond issued to the McKeithen Con-
struction Company had been omitted. If
this amount were credited the balance due
would be $12.07, which amount had been
tendered to plaintiff.

The lower court decided for plaintiff
and defendant has appealed.

Whether defendant or J. J. McGrath is
entitled to the commission of $93.86 on the
McKeithen bond is the factual issue before
us.

The record shows that J. E. Buck and
J. J. McGrath became managers of plain-
tiff company on January 1, 1923, at which
time and for several years prior thereto,
the McKeithen Construction Company was
a customer of plaintiff. McGrath's connec-
tion with the company was severed in June,
1923, and at that time, he was indebted
to the company for approximately $5,000.00.
Later McGrath became attached to defend-
ant's office under an arrangement by
which he was allowed on all business con-
trolled by him 15% of the 20% obtained by
defendant. He was also advanced $40.00 a
week by defendant pending payment of his
commission. McGrath had been more or
less intimate with McKeithen, while act-
ing as a joint manager for the plaintiff
company and in the latter part of Decem-
ber, 1924, he tried to get a bond for Mc-
Keithen through the Vreeland Agency.
This, he was unable to do, because defend-
ant did not have a financial statement
of McKeithen in his office which was a
prerequisite to issuance of the bond. Mc-
Keithen then applied to Buck, who person-
ally filled out the application for the bond
at the Hotel Monteleone in this City, where
it was duly signed by McKeithen. At that
time, McKeithen asked Buck if he would
allow McGrath a commission on the bond
and Buck consented to this. By doing this
Buck could please a client without cost-
ing his company one cent, because of Mc-
Grath's indebtedness.

At the end of January, plaintiff following its usual custom, mailed a bill to McKeithen for the amount due on this bond. At the same time, it sent a copy of the bill to defendant, and credited to McGrath on its books, 20% of the commission, which amounted to $93.86. Buck, in explanation of his sending the credit memorandum to defendant instead of to McGrath, says that he knew McGrath had an office with defendant but that he did not know what the relationship was between them.

The record contains a carbon copy of a letter from the McKeithen Construction Company to plaintiff of date March 11, 1925, in which McKeithen requested that the commission of $93.86 be paid to defendant. Defendant's able attorney argues that this letter tends to show that McKeithen thereby recognized that the business properly belonged to his company. The force of this argument is greatly weakened, if not destroyed, by the fact that the record also contains a letter to McKeithen Construction Company of date February 28, 1923, signed by McGrath in which the writer stated that a dispute had arisen about the matter and that he wished to settle it by having the commission credited to defendant.

Evidently McGrath had realized that the paper credit to him would be of no financial benefit as he would not get a cent in cash whereas he would get some small amount if it was paid through the Vreeland Agency.

The record also shows that it was the invariable custom of defendant, when it had secured the services of plaintiff to write a bond or policy for one of its customers, to charge the premium on its books and make the collection itself. In such cases, it, as an insurance broker, owed the premiums to the plaintiff, whether it collected them from its customers or not. In the McKeithen case defendant made no charge on its books but plaintiff charged McKeithen directly with the premium and collected it from him. If he had failed to pay it would have been plaintiff's loss, not defendant's.

The fact that Buck agreed to give McGrath the commission under the circumstances does not strike us as improbable. McKeithen, who had done business for a long time with McGrath, while he was with the plaintiff company would naturally be anxious to help his friend, if possible, and Buck would naturally wish to please his customer and do the favor for McGrath, if he could. Such a step was wise in this case, as it greatly pleased his customer without cost to his company.

A careful consideration of the evidence as analyzed above convinces us that the question of fact was correctly answered by the trial judge.

For above reasons, the judgment appealed from is affirmed.